[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut on August 2, 1997. The plaintiff has satisfied the residency requirement, and all statutory stays have expired. The parties have no children. The evidence indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff age 31, holds bachelor and master degrees in music education. He is employed as a teacher in the Norwalk School system.
The defendant, also 31, worked part time during the marriage while attending Norwalk Community Technical College. She obtained an associate's degree and currently is employed full time at a human resources firm. The defendant, nor the plaintiff, reported any serious physical health problems.
This is a short marriage that apparently was destined not to succeed. The plaintiff became unhappy and left the defendant three years after they were married. Immaturity, differences in values and interests all played a part in ending their relationship. Each party must assume some responsibility for the failure of the marriage.
A pendente lite order for alimony was entered on October 23, 2000. The plaintiff was ordered to pay the defendant the sum of $150 per week. At the commencement of the trial, the plaintiff informed the court he was seeking a refund of all payments made under the pendente lite order for alimony and counsel fees based on the claim that the defendant had filed a false financial affidavit at the pendente lite hearing.
The court advised counsel that it would treat that request as an oral motion to open the pendente lite judgment based on the allegation of fraud, and that the court would take evidence on that motion simultaneously with the evidence presented for the dissolution action and determine both issues when the trial was completed. Counsel were invited to present evidence and arguments on both matters.
The court has carefully considered the criteria set forth in General Statutes, Sections 46b-62, 46b-81 and 46b-82 in reaching the conclusions reflected in the orders that follow.
The following orders may enter:
I. MOTION TO OPEN PENDENTE LITE JUDGMENT
At the pendente lite hearing, on October 23, 2000, the financial affidavits of the parties represented the following income information: CT Page 8538
 Plaintiff — gross weekly income — $750 net weekly income — $536 Defendant — gross weekly income — $346 net weekly income — $295
In reliance on this information, the court approved a stipulation of the parties and ordered the plaintiff to pay the defendant the sum of $150 per week as periodic alimony pendente lite.
The evidence presented at trial before this court, which included the defendant's payroll records from June, 2000 produced by her employer, indicated the following:
1. For the 13 weeks prior to the pendente lite hearing, the defendant's average gross weekly wages were approximately $727 and her net weekly wages were $555;
2. For calendar year 2000 the defendant worked exclusively for her current employer from June 17th on. From that date through the end of the year, her average gross weekly wages were approximately $680.
3. During calendar year 2000, the defendant worked part time for another employer from January through May and earned a total gross income of approximately $2,000;
Also, on her financial affidavit filed at the pendente lite hearing. the defendant overstated her debts by approximately $11,000.
The defendant stated that she computed her income for the pendente lite hearing by taking her total year to date wages from January 1, 2000 through October 21, 2000 and averaging that amount over a 41 week period. Since her total wages for the first 22 weeks of the year were only $2000, by adding that amount to her earnings over the next 19 weeks she produced an average weekly wage that was a distortion of her actual wages at the time of the hearing and the three months prior thereto. The defendant's gross wages for the 19 weeks prior to the hearing averaged $678 per week almost double the amount reported on her financial affidavit.
The plaintiff relied on the defendant's representation as to her income in stipulating to the pendente lite award, as did the court in approving the stipulation and entering an order based on the agreement.
The court finds that by clear and convincing evidence the defendant misrepresented her true income at the pendente lite hearing. CT Page 8539
Since the disparity between the true incomes of the parties at the time of the pendente lite hearing was slight, the court finds that the defendant would not have been entitled to an award of periodic alimony pendente lite. The award of $500 for counsel fees, however, was appropriate.
Therefore, the motion to open the pendente lite judgment of $150 per week payable from the plaintiff to the defendant is granted, and no periodic alimony pendente lite is awarded to the defendant.
The plaintiff paid the sum of $150 per week from October 23, 2000 through December 31, 2000, a period of ten weeks and from January 1, 2001 through May 24, 2001, a period of twenty weeks. The plaintiff is entitled to a credit for 30 weeks at $150 per week, for a total of $4,500.
II. ALIMONY The defendant has requested an award of periodic alimony for a short period of time. This is based on her concerns that her continuing in her present employment is in jeopardy. She has been working as a "temporary contractor" at an hourly rate, with no other benefits, for some time, and she reports her employer is currently laying off employees.
The evidence indicates that if the defendant's fears are realized she is entitled to a short period of rehabilitative alimony to assist her while she is unemployed or her new earnings need to be supplemented.
Therefore, the plaintiff shall pay to the defendant as periodic alimony the sum of $1 per year. The payments shall continue during the plaintiff's lifetime until the defendant's death, remarriage or July 1, 2003, whichever event first occurs. This order is subject to the provisions of Section 46b-86 (b) of the General Statutes. This order shall be nun-modifiable as to term.
Two days after the completion of this trial the defendant's employment was terminated. This information was furnished to the court by way of an oral stipulation of the parties presented at a hearing requested by the defendant.
The complete stipulation stated that the defendant's employment was terminated on June 21, 2001, effective immediately, with no prior notice and no severance benefits paid to the defendant, and the termination was not voluntary.
The court is not going, at this time, alter the periodic alimony award of $1 per year entered above. This is because of the short period of time CT Page 8540 that has elapsed since the defendant lost her job. (Only a period of eight days). She may well find other employment in the near future and should be given reasonable opportunity to do so. Also, a hearing would be required to determine the proper periodic alimony award if an order is found to be appropriate.
The defendant may file a post judgment motion seeking to modify the periodic alimony award entered herein any time after August 1, 2001.
III. PROPERTY DIVISION
The chief assets of the parties consist of:
a. The plaintiff's contributions to the Norwalk Teachers' Retirement Plan. As of June 30, 2000, the plaintiff's contributions totaled $10,525;
b. The plaintiff's credit union savings account, which at trial had a balance of $3000. However, in June, 2000, just before the plaintiff left the defendant, he withdrew $7,500 from this account to pay off his automobile loan;
c. On Christmas, 1999, the plaintiff's father made a $10,000 gift to the plaintiff. A joint bank account was opened in both their names. In the Spring of 2000, the money was withdrawn and placed in a certificate of deposit. The court finds that the plaintiff has complete control of the funds. He, in fact, reported on his 2000 federal income tax return the interest earned on the $10,000.
It is ordered:
1. The plaintiff is awarded the following:
A. His entire interest in his Norwalk Teachers' Retirement Plan;
B. His credit union account;
C. His $10,000 gift from his father;
D. His 1994 Jeep Wrangler automobile;
E. His Fleet Money Market Account;
F. His musical instruments;
G. Gateway 2000 Pentium Computer; CT Page 8541
H. Sony Surround Sound Receiver.
2. The plaintiff's request for the defendant's return of an air conditioner, cymbals and five jackets is denied.
3. The plaintiff shall pay to the defendant the sum of $1,500 for her interest in the Pentium Computer. Payment shall be made by July 15, 2001.
4. The defendant is awarded the following:
A. Her 1996 Jetta automobile;
B. Her People's Bank Accounts;
 C. The furniture and personal effects in her possession, including the coffee table and rocking chair requested by the plaintiff.
 5. The defendant shall return to the plaintiff his gold wedding band.
6. The plaintiff shall pay to the defendant as an assignment of property the sum of eleven thousand ($11,000) dollars.
Against this payment, the plaintiff may set off the payments made pursuant to the pendente lite order originally set by the court. That order was addressed previously in this memorandum.
The net result is that the plaintiff shall pay to the defendant the sum of $11,000 less $4,500 or $6,500. This payment shall be made no later than August 1, 2001.
7. Each party shall be solely responsible for the payment of the debts listed on his/her financial affidavits presented at trial and indemnify and hold harmless the other from any liability thereon.
8. The plaintiff shall pay to the defendant as a contribution towards her counsel fees the sum of $1,500. The denial of attorney's fees would impair or undermine the other financial orders. Payment shall be made by August 1, 2001.
9. The defendant's maiden name of Calderon is ordered restored.
Judgment may enter accordingly. CT Page 8542
NOVACK, JUDGE TRIAL REFEREE